UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRADY BUCKLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | 14-01391-JPG/SCW |
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT**

**COUNT I**

NOW COMES the Plaintiff, BRADY BUCKLEY, by and through his attorneys, the WOMICK LAW FIRM, CHTD., and for his Complaint against the Defendant, the UNITED STATES OF AMERICA, states as follows:

1. That the Plaintiff is an individual who resides in Pulaski County, Illinois and who during the year 2011 was a patient of Dr. Aaron Newcomb. Dr. Newcomb is employed by Shawnee Health Care, a not for profit corporation which is also a deemed Community Health Center and pursuant to the Federal Tort Claims Act, Dr. Newcomb is a deemed agent of the United States and thus suit is brought against the United States due to the negligence of Dr. Newcomb in providing care to Brady Buckley;

2. Venue is proper in this district in that the negligence was committed in Union and Jackson Counties in Illinois.

3. That during the fall of 2011 Mr. Buckley presented to Dr. Newcomb with increased urination, which among other things, was a symptom of prostate cancer;

4. That on November 11, 2011 Dr. Newcomb prescribed testosterone for Mr. Buckley and it was administered at the direction of Dr. Newcomb intramuscularly - 200 milligrams;

5. That Mr. Buckley received additional injections of testosterone at the direction of Dr. Newcomb on November 23rd and was prescribed testosterone medication, given a prescription for that medication and, the prescription was filled and the medication was taken pursuant to Dr. Newcomb's direction;

6. That on January 31, 2012 biopsies were performed of Mr. Buckley's prostate and he was diagnosed with prostate cancer;

7. That thereafter he was informed by a treating physician that testosterone was contraindicated for a person who may have had cancer, and testosterone should not have been provided prior to testing to determine if he had cancer. Thus, Mr. Buckley became aware that Dr. Newcomb had committed malpractice;

8. That at the time Dr. Newcomb provided care to Brady Buckley he had a duty to possess and apply the knowledge and use the skill and care of a reasonably well-qualified family practitioner in providing care to a patient situated as was Mr. Buckley;

9. That during the fall of 2011 Dr. Newcomb became aware of signs and symptoms which may have indicated the existence of prostate cancer, but failed to recognize the connection between those signs and symptoms and possible cancer, and failed to take any diagnostic steps to find the cause of the symptoms, but instead, treated the symptoms with Flomax;

10. That Dr. Newcomb did no diagnostic testing as to the cause of the symptoms which the patient had which symptoms included possible prostate cancer;

11. That in November of 2011 as alleged herein Dr. Newcomb injected the patient with testosterone as alleged herein, and provided the patient with a prescription for testosterone which prescription the patient filled and took pursuant to the doctor's direction;

12. That at that time and place Dr. Newcomb had a duty prior to the administration of the testosterone to do diagnostic tests to determine whether or not the patient might have had prostate cancer;

13. That Dr. Newcomb violated the standard of care referred to herein and committed medical negligence in that during his treatment of the patient in the fall of 2011:

    a. He failed to recognize the signs and symptoms of prostate cancer and failed to take steps to diagnose the cause of this patient's symptoms; and

    b. He negligently provided testosterone to the patient prior to the time he did diagnostic testing to determine whether or not the patient had prostate cancer.

14. That the acts of providing the patient with testosterone aggravated the preexisting condition of cancer, caused the cancer to become more aggressive and has caused injuries of a personal and pecuniary nature to Mr. Buckley;

15. That the Plaintiff notified the Defendant, the United States of America and the Department of Health and Human Services of the negligence of Dr. Newcomb in compliance with the Federal Torts Claim Act on December 26, 2013 by filing a Standard Form 95 with the Department of Human Services and the United States of America;

16. That a period in excess of 6 months has expired since the filing of the claim by the

Plaintiff and thus this Court has jurisdiction.

WHEREFORE, Plaintiff prays for judgment against the Defendant for an amount in excess of Seventy-five Thousand Dollars ($75,000.00).

Respectfully submitted,

WOMICK LAW FIRM, CHTD.

/s/ JOHN WOMICK

WOMICK LAW FIRM, CHTD.
ATTORNEYS AT LAW
501 RUSHING DRIVE
P.O. Box 1187
HERRIN, IL 62948
Phone: (618) 993-0911
Fax:    (618) 998-9991